**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Tyrone Gaynell Conelly v. The State of Texas

Appellate case number:      01-12-00398-CR

Trial court case number:    1765756

Trial court:                County Criminal Court at Law No. 7 of Harris County

The record was due in the above-referenced appeal on May 28, 2012. On June 26, 2013, after appellant caused a supplemental clerk's record to be filed showing that the trial court found appellant indigent for purposes of obtaining a free record and ordered the court reporter to file the reporter's record without cost to appellant, we ordered the court reporter to file the complete reporter's record, with all requested exhibits, by no later than July 25, 2013.

On July 25, 2013, the court reporter filed a one-volume reporter's record. At the conclusion of the record, the reporter certified "that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record." Nevertheless, on November 12, 2013, the appellant filed a letter with the Clerk of this Court, contending that the reporter's record is not complete. According to appellant, the "voir dire portion of the trial as well as the testimony of at least one witness (Corporal Yeley) has not yet been filed." Appellant states that he has attempted to contact the court reporter about the allegedly missing portions of the transcript, "but the record remains incomplete." Appellant requests that we "take whatever action is necessary to complete the record so that the Appellant can pursue his appeal."

Based on appellant's contentions, it appears that there may be an inaccuracy in the reporter's record or that a portion of the reporter's record may have been lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office, appellant's counsel, Daucie Schindler, and the court reporter, Sandra Powell, shall be present. At the trial court's discretion,

appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) Determine whether the voir dire portion of the trial was stenographically or otherwise recorded or whether the presence of the court reporter was either waived or otherwise not requested by the appellant;

    a. If the voir dire was recorded, determine whether the court reporter is able to prepare, certify, and file a transcription of the voir dire proceedings;

    b. If the voir dire was not recorded, determine why it was not recorded;

(2) Determine whether any testimony was elicited from an individual identified as "Corporal Yeley" or "Corporal Yely";

(3) If testimony was elicited from the corporal, determine whether the testimony was stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony;

(4) Determine whether any other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record filed with this Court on July 25, 2013;

(5) If other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record on file with this Court, determine whether the testimony, argument, or proceedings was or were stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony, argument, or proceedings;

(6) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court but can be prepared, certified, and filed by the court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing portions of the trial proceedings, and provide a deadline for filing the supplemental record of no later than 30 days from the date of the abatement hearing in the trial court;

(7) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(8) make any other findings and recommendations the trial court deems appropriate; and

(9) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature:/s/<u>Chief Justice Sherry Radack</u>
☒ Acting individually □ Acting for the Court

Date: February 4, 2014